(October 30, 1909.)

## C. B. FERGUSON, Respondent, v. H. P. McGUIRE, Appellant.

[104 Pac. 1028.]

MINING CLAIMS—SALE OF—DISTRICT JUDGE CALLED TO ANOTHER DISTRICT—CONTINUANCE OF ACTION ON ACCOUNT OF ABSENCE OF DEFENDANT—CONTRACT—CONSTRUCTION OF.

1. Under the provisions of sec. 12, art. 5, of the constitution, and sec. 3886, Rev. Codes, a district judge may hold court in any county of the state upon the request of the judge of the district in which such court is to be held.

2. *Held,* that Judge Wood, as presiding judge, had authority to pass upon the motion for a continuance and that there was no error in overruling said motion.

3. *Held,* that the contract sued on is a contract for the sale of certain mining claims, and that the terms and conditions of said contract were not complied with by the would-be purchaser.

4. *Held,* that the stipulation in said contract to perform certain annual assessment work upon said claims was a part of the consideration for said contract.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District, for the County of Shoshone. Hon. Fremont Wood, Presiding Judge.

Action to rescind contract and to quiet title to an undivided one-half interest in certain mining claims. Judgment for plaintiff. *Affirmed.*

James A. Wayne, for Appellant.

Where there has been a part performance of a contract, one party cannot rescind the same without returning the consideration or whatever of value he has received and doing everything necessary and proper to put the other party in *statu quo;* and if the fruits or benefits of the contract be such that they cannot be returned, then the party cannot rescind such contract. (6 Pomeroy's Eq. Jur., sec. 688; 21 Am. & Eng. Ency. of Law, 84, 91; *Caldwell v. Ruddy,* 2 Ida. 1, 7,

1 Pac. 339; *Bowman v. Ayers,* 2 Ida. 465, 470, 21 Pac. 405; *Allen v. Galloway,* 30 Fed. 471; *Carlton v. Hulett,* 49 Minn. 320, 51 N. W. 1055; *Timmerman v. Stanley,* 123 Ga. 850, 51 S. E. 760, 1 L. R. A., N. S., 379; *Grymes v. Sanders,* 93 U. S. 55, 23 L. ed. 798.)

When the tender of performance of an act is necessary to the establishment of any right against another party, such tender or offer to perform is waived or becomes unnecessary when it is reasonably certain that the offer will be refused. (*Hills v. Bank,* 105 U. S. 319, 26 L. ed. 1052.)

Gray & Knight, and William K. Shissler, for Respondent.

A contract giving an option to purchase a mine, wherein the vendees covenant to sink a shaft at least one hundred feet, imposes upon them the absolute duty of sinking the shaft to the agreed depth, although they find no evidence that the mine contains enough valuable ore to justify them in purchasing it.   (27 Cyc. 673; *Davis v. Eames* (Cal.), 35 Pac. 566.)

While it is true that the defendant did make tender of the first instalment due, which tender was refused at the time by the plaintiff, the fact of such tender did not discharge the defendant from his liability to the plaintiff, and he was compelled to keep his tender good at all times. (*Rhorer v. Bila,* 83 Cal. 51, 23 Pac. 274; *Redington v. Chase,* 34 Cal. 666.)   The plaintiff, by refusing the tender of the sum of $1,000 made to him by the defendant in payment of the first instalment, did not forfeit his right to that amount.   (*Hill v. Carter,* 101 Mich. 158, 59 N. W. 413.)

In nearly all options or agreements for the future transfer of title to mining operations, it is customary for the parties to agree that the option holder shall perform such assessment work as may be necessary to save the rights of the holder of the title in such property.   The option holder's agreement to thus comply with the mining laws as to assessment work and by such work to demonstrate the merits of the operation are deemed the consideration for the giving of the option.   (*Davis v. Eames* (Cal.), 35 Pac. 566.)

SULLIVAN, C. J.—This action was brought to annul and avoid a certain contract made for the sale of an undivided one-half interest in four mining claims situated in Summit mining district, Shoshone county, and to quiet the title to said one-half interest in the plaintiff.

The answer put in issue the material allegations of the complaint, and the cause was tried by the court and judgment entered as prayed for by the plaintiff. A motion for a new trial was denied, and this appeal is from the judgment and said order.

Numerous errors are assigned, but in appellant's brief and argument only two are considered, and those are that the court erred in denying defendant's motion for a continuance and in overruling his motion for a nonsuit.

This action is based on the following contract:

"Murray, Idaho, September 8th, 1905.

"This memoranda is that this day the 8th day of September, for the sum of Twenty Seven Thousand Five Hundred Dollars ($27,500.00) to be paid us, R. M. Davis and C. B. Ferguson, as follows: Thirteen Thousand Seven Hundred and Fifty ($13,750.00) in cash to be paid in the following manner: First Two thousand ($2000) Dollars on the fifteenth day of September, 1906, and Two Thousand Dollars each and every year thereafter, until the full sum of Thirteen Thousand Seven Hundred and Fifty Dollars is paid us, and the delivery to us of Thirteen Thousand Seven Hundred and Fifty Dollars of stock of the par value of One Dollar per share of the Idaho Glory Mining Company, treasury stock to be nonassessable and fully paid up, delivered within sixty days from date of this instrument. For and in consideration of One Dollar in hand paid us, we hereby sell and dispose of all our right, title and interest in and to the following claims, all of Joice, C. B. Ferguson, Raven, Ferguson Fraction, all of the above claims containing full size six hundred feet by fifteen hundred feet, except the Joice, which is five hundred feet by fifteen hundred feet, all situated on Beartop Mountain (over Summit Mining district), near Murray, Idaho, to H. P. McGuire, Trustee, to have and to hold

the same free and clear of all claims, liens or encumbrances of any nature, and said H. P. McGuire and associates agree to do all assessment work and open up the claims to the best interest of all the company.

"September 8th, 1905.

"R. M. DAVIS,

"C. B. FERGUSON,

"H. P. McGUIRE, Trustee.

"Witness: F. W. WENTZ."

It appears from the record that the Idaho Glory Mining Co. mentioned in said contract was organized under the laws of the state of Washington, and that it had never complied with the constitution and laws of the state of Idaho in regard to doing business in this state. It also appears that McGuire, appellant, sent to Ferguson, respondent, 6,875 shares of the capital stock of said corporation. It was claimed by Ferguson that it was the understanding under this agreement that the mining claims mentioned therein should be conveyed to said corporation, and that they should be developed by that company and that the stock which he was to receive in that company constituted an interest in those claims. Because the corporation failed to comply with the laws of this state in regard to doing business in this state and to take over whatever right to the said mining claims McGuire had, Ferguson refused to accept the first payment of $1,000 due him under the contract, and on March 19, 1907, began suit against the defendant McGuire and said corporation for the purpose of quieting title to his undivided one-half interest in said claims. Said action was prosecuted to final judgment, and on October 13, 1907, judgment was entered in favor of McGuire and against Ferguson. The court held therein "That said H. P. McGuire has done and performed all of the covenants and agreements required by said agreement to be by him done and performed up to the time of filing complaint in this action." It appears that plaintiff accepted said judgment as final and demanded payment of the amount then due to Ferguson. It appears that the demand was made upon McGuire's attorney, McGuire being a resident of Seattle, state of Washington. McGuire failed and refused to make the

payments then due by the terms of said contract to Ferguson or at all.

McGuire having failed and refused to make the payments to Ferguson as required by the terms of said contract, on January 14, 1908, the plaintiff brought this action to have said contract set aside and to quiet title in him to an undivided one-half interest in said claims. The case came regularly on for trial at the fall term, 1908, of district court of Shoshone county. Judge Fremont Wood, judge of the third district, was called to Shoshone county to assist Judge William W. Woods, judge of the first district, in the trial of cases, and tried the case at bar. The trial of the case by Judge Wood is complained of by counsel for appellant, and it is urged that Judge Fremont Wood had no authority to pass upon the motion for a continuance or to try said cause. There is nothing in this contention. Judge Fremont Wood was properly called to Shoshone county to assist Judge William W. Woods in the trial of cases and he had full authority to try the case at bar. (Const., sec. 12; art. 5; sec. 3886, Rev. Codes.)

A motion for a continuance was denied and that action of the court is assigned as error. The application for continuance was based on the ground of the absence of the defendant McGuire and set forth the facts that McGuire would swear to if present. The plaintiff thereupon admitted that he would so swear and the case went to trial. The defendant could not have been prejudiced by said ruling of the court, as the facts that McGuire would swear to if present were admitted in evidence and considered by the court. However, the point made in regard to this matter in appellant's brief is that the defendant was not permitted to submit his motion for a continuance to the judge of said district but was compelled to submit it to the Honorable Fremont Wood. As above held, Judge Fremont Wood had authority to try such case and pass upon all motions made therein.

It is next contended by counsel for appellant that the decision in this action depends entirely on the construction to be given to said agreement. In the first action brought on

this contract, above referred to, the court held that it was a contract to sell and transfer the said interests in said mining claims, and we think the court's construction of said contract at that time was correct. It is clearly a contract to sell, and was so considered by appellant in said first-mentioned action. After McGuire had procured the judgment in his favor in the first action, on the theory that said contract was a contract to sell, his attorney now contends that said contract was an absolute sale; in fact, that said contract conveyed the title to the defendant and that the plaintiff had only an equitable mortgage on the premises for the deferred payments and could sue for the purchase price or bring an action to foreclose such equitable mortgage; that on its face the instrument is an absolute deed. We cannot agree with this contention. The contract was clearly an option to purchase or an agreement to sell on certain terms and conditions, which terms and conditions were not complied with by the would-be purchaser. While it is true Ferguson refused to receive the first payment because the corporation in which McGuire had given him stock certificates had no property or assets and had not complied with the laws of this state so as to authorize it to do business within the state, that refusal would not relieve McGuire from making the payments that he had agreed to make, for under the terms of the contract it was McGuire's duty to make certain payments in order to acquire Ferguson's one-half interest in said mining claims. As he failed to do so, there was no error in the action of the court in quieting the title in Ferguson.

It is contended that equity would require Ferguson to repay whatever McGuire had expended in doing the annual assessment work upon said claims before he could have the contract rescinded. McGuire by the terms of said contract agreed to do all assessment work upon said claims, and there is no provision in said contract that if he fails to carry out the terms of said contract in regard to the payment of the purchase price Ferguson must repay him what he had expended in doing such work. McGuire obligated himself to do the assessment work and that was a part of the consideration for said contract.

After a careful investigation of the whole record before us, we are fully satisfied that the trial court arrived at a just and proper conclusion in the matter and that the judgment must be sustained, and it is so ordered, with costs in favor of respondent.

Stewart and Ailshie, JJ., concur.